LITE DEPALMA
GREENBERG & RIVAS, LLC
A T T O R N E Y S   A T   L A W

TWO GATEWAY CENTER, 12TH FLOOR
NEWARK, NJ 07102

TEL: 973.623.3000
FAX: 973.623.0858
WWW.LDGRLAW.COM

December 12, 2007

**VIA FACSIMILE & ECF**
Honorable Mark Falk, U.S.M.J.
United States District Court
U.S. Post Office & Courthouse
1 Federal Square, Room 457
Newark NJ 07102

> Re:   **Novartis Pharmaceuticals, et al. v. Teva Pharmaceuticals USA, Inc.**
>        **Civil Action No. 05-1887 (DMC)**

Dear Judge Falk:

This firm, together with Goodwin Procter LLP, represents Defendant Teva Pharmaceuticals USA, Inc. in the above matter.  I write to set the record straight concerning a number of misstatements made by Novartis in its letter submitted yesterday afternoon concerning the schedule in this case:

1) Teva does not believe that damages should be "tried together" with liability.  *See* Novartis Letter at 2.  As its submission of yesterday makes clear, Teva believes that any trial of damages issues, *if necessary*, should proceed immediately *after* a liability determination before the same jury.  Teva believes that judicial economy will be maximized by proceeding, if necessary, with a separate damages trial phase before the same jury determining liability issues.  This position was made crystal clear in the correspondence between the parties concerning proposed schedules, yet Novartis insists upon confusing the record.

2) Teva did not throw a "monkey wrench" into the parties' negotiations regarding scheduling by stating that it intended to continue with already noticed fact discovery – most of which this Court has already ordered to go forward.  *See generally* Transcript of April 9, 2007 Status Conference (Docket Entry No. 54).  During the October 12, 2007 telephone scheduling conference, Teva made clear to the Court and Novartis that it intended to go forward with this already noticed discovery.  Moreover, all of Teva's scheduling proposals in this case have included provisions for the completion of fact discovery.  There should be no surprise that Teva intends to complete this discovery and Novartis's assertion that it somehow believed it had been "dropped" is disingenuous at best.

165088 v1



Honorable Mark Falk, U.S.M.J.
December 12, 2007
Page 2

3)      Novartis's assertion that the allegations in the Shull complaint are "completely unrelated" to liability or damages in this case is false. *See* Novartis Letter at 2. Novartis admits, for example, that its case will include evidence regarding the purported commercial success of Famvir®. *See* Novartis Letter at 4. Novartis's commercial success expert has relied upon internal Novartis sales data and forecasts in order to support his opinion in this case. Teva should be allowed to proceed with fact discovery related to the Shull allegations, which clearly refute the idea that Famvir is a commercial success and raise serious questions regarding the accuracy of the internal data and forecasts relied upon by Novartis.

4)      Teva did not "renege" on an "agreed-upon schedule." *See* Novartis Letter at 3. Contrary to Novartis's letter, Teva did not know that a jury trial was a "likely occurrence" when the parties were exchanging preliminary scheduling proposals in early to mid-November. Furthermore, Teva expressly reserved the right to amend its proposals if Novartis indicated that it would seek a jury trial. Novartis did not state whether it would be seeking a jury trial in this case until November 20, 2007 and, in response, Teva promptly informed Novartis that it would seek simultaneous liability and damages discovery as well as a phased trial of liability and damages issues before a single jury. None of Novartis's communications up until its November 20, 2007 letter clearly indicated what its position would be on a potential jury trial and the parties had not reached agreement on a schedule before that date.

        Teva respectfully requests that the Court ignore Novartis's attempt to obfuscate the record and enter the attached proposed scheduling order, which will allow Teva to discover evidence directly relevant to the claims and defenses at issue and promote an efficient resolution of this case.

                                Respectfully,

                                Michael E. Patunas

MEP:emp
Enclosure
cc:     Andrew Berry, Esq. (via e-mail)
        Hugh Barrett, Esq. (via e-mail)
        Shepard M. Remis, Esq. (via e-mail)
        Roland H. Schwillinski, Esq. (via e-mail)
        John T. Bennett (via e-mail)
        Allyn Z. Lite, Esq. (via e-mail)

165088 v1