NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| NOVARTIS PHARMECEUTICALS CORPORATION, NOVARTIS PHARMA AG, and NOVARTIS INTERNATIONAL LTD., <br><br> Plaintiffs, <br><br> v. <br><br> TEVA PHARMECEUTICALS USA, INC. <br><br> Defendant. | **Hon. Dennis M. Cavanaugh** <br><br> **OPINION** <br><br> Civil Action No. 05-CV-1887 (DMC) |

DENNIS M. CAVANAUGH, U.S.D.J.:

This matter having come before the Court upon motion by Teva Pharmeceuticals USA, Inc. ("Defendant") for an order that Defendant, as the party with the burden of proof, is entitled to present evidence first and last at trial of this action. Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After careful consideration of the submissions by all parties, the Court directs, for the reasons herein expressed, the order in which evidence shall be presented at trial is as follows: Plaintiffs will briefly present background information concerning the invention-at-issue; Defendants shall present their case-in-chief; Plaintiffs will present their case in response; and Defendants will then be given an opportunity to present rebuttal evidence.

**I. Background:**

Teva Pharmeceuticals USA, Inc. ("Defendant") stipulates that, insofar as the patent at issue is found to be valid and enforceable, Defendant's famciclovir product infringes that patent. The

issues presented for trial include whether U.S. Patent No. 5,246,937 (the "937 patent") is invalid as obvious or unenforceable as a consequence of inequitable conduct before the United States Patent and Trademark Office.

## II. Discussion:

"The court shall exercise reasonable control over the mode and order of interrogating witnesses and presenting evidence so as to (1) make the interrogation and presentation effective for the ascertainment of the truth, (2) avoid needless consumption of time, and (3) protect witnesses from harassment or undue embarrassment." Fed. R. Evid. 611(a). "It is well settled that the order of the reception of evidence lies largely in the discretion of the trial judge, whose action will not be reversed on appeal unless it amounts to a gross abuse of discretion." United States ex rel. Felton v. Rundle, 410 F.2d 1300, 1304 (3d Cir. 1969) (quoting United States v. Montgomery, 126 F.2d 151, 153 (3d Cir. 1942)), cert. denied, Montgomery v. United States, 361 U.S. 681 (1942). The party with the burden of proof is entitled to open and close the argument. See Anheuser-Bush, Inc. v. John Labatt Ltd., 89 F.3d 1339, 1344 (8th Cir. 1996); Martin v. Chesebrough-Pond's, Inc., 614 F.2d 498, 501 (5th Cir. 1980). In a trial of patent validity, bearing the burden of proof entitles a defendant to present first and last with regard to that issue. Tronosco v. Martin Archery, Inc., 127 F.R.D. 190, 191 (E.D. Wash. 1989). In a recent bench trial involving patent invalidity where infringement had previously been stipulated on behalf of the Defendant this Court addressed the issue of the order of proof. Directing that the Defendant, the party with the burden of proof in the matter, was permitted to open argument to the Court first and entitled to close argument last, the Court nevertheless, permitted the Plaintiff in the matter to offer a brief and concise background presentation. See Pfizer, Inc., et al v. Ivax Pharmeceuticals, Inc., No. 07-CV-00174, slip op. at 17 (D.N.J. Sep. 8, 2009).

It remains undisputed that Defendant bears the burden of proof regarding the issues presented for trial in this matter. Further, both parties recognize that a party bearing the burden of proof at trial is entitled to present affirmative evidence before the adverse party presents evidence. Despite Plaintiffs' concession that Defendant is "entitled to present its affirmative case of invalidity and unenforceability before [Plaintiffs] submit[] [their] [ ] evidence[,]" Plaintiffs seek to initiate the trial with a presentation of evidence concerning "what the invention is and how real-life scientists actually arrived at it." (Pl. Br. at 1). Defendant contends that permitting Plaintiffs initiation of the trial with evidence concerning the invention and technical background before Defendant's affirmative presentation of evidence supporting obviousness and unenforceability will result in confusion, inefficiency and unfairness. (Def. Br. at 4). Defendant further expresses a concern that the opportunity to initiate the proceeding with background evidence will improperly be used as a vehicle to offer proof regarding an issue in contention delineated in a separate motion pending before this Court, more specifically, whether Plaintiffs, Novartis Pharmeceutical Corporation ("NPC") and Novartis Pharma AG ("NPAG"), have Article III standing to bring suit in the first place.

### III. Conclusion:

The Court directs that Plaintiffs are permitted offer an initial presentation relating, and limited, to the nature of the invention.[1] Defendant, bearing the burden of proof, is entitled to present its case-in-chief first, then Plaintiffs will present evidence in response and lastly, Defendant will be

---

[1] The Court's assessment of the Article III standing issue will be addressed separately pursuant to Defendant's motion to dismiss for lack of Article III standing. If the Court determines that the standing issue presents an issue of fact, evidence regarding that issue will not be permitted during Plaintiffs background presentation. Moreover, Defendant is not precluded from raising relevant objections to testimony proffered on behalf of Plaintiffs.

permitted close with rebuttal, if any.  An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Dated:     October  14 , 2009
cc:          All Counsel of Record
               Hon. Mark Falk, U.S.M.J.
               File